### RAY v. POPE.  (No. 6708.)

(Court of Civil Appeals of Texas. San Antonio. March 1, 1922. Rehearing Denied March 29, 1922.)

1. **Venue** �köm22(3)—**Overruling plea of privilege to be sued in county of residence held error.**

In a suit against defendant and L., to distrain defendant's horses, where L., who lived within the jurisdiction, and was not a tenant of defendant, as falsely alleged by plaintiff, in order to maintain the suit in N. county, overruling defendant's plea of privilege to be sued in the county where he resided, was error.

2. **Landlord and tenant** ⊙köm269(5)—**Lessor may not by unlawfully driving animals into justice's precinct thereby get a lien on them by distress.**

Where animals were unlawfully driven out of another county by plaintiff into the precinct of a justice of the peace where he obtained a distress warrant, he could not thereby obtain a valid lien on them.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by W. E. Pope against J. H. Ray. From an order overruling defendant's plea of privilege to be sued in the county of his residence, defendant appeals. Judgment reversed, and venue ordered changed to the county of defendant's residence, and cause remanded, with instructions.

Kleberg, Stayton & North, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellee.

FLY, C. J. [1] This is an appeal from an order overruling the plea of privilege filed by appellant, asserting his right to be sued in Jim Wells county. Appellee filed his affidavit for a distress warrant in a justice's court, alleging that he had rented to appellant and A. S. Langham sections 13 and 20 in Jim Wells county and a strip of land 30 feet wide, east of section 20 in Nueces county and off the west of section 22; that they were indebted to him for rent in the sum of $35,000 for the use of said land for 70 days. It was alleged that Ray lived in Jim Wells county and Langham in Nueces county. Afterwards, appellee filed a petition in the district court of Nueces county setting up his cause of action as against appellant and Langham and praying for his debt and a foreclosure of his landlord's lien. Appellant filed his plea of privilege to be sued in Jim Wells county, in which he alleged that Langham was joined in the suit for the fraudulent purpose of obtaining venue in Nueces county and that the strip of land 30 feet wide and mentioned as being in Nueces county was no part of the land rented to appellant.

The evidence showed that Langham lived at Agua Dulce in Nueces county, that he was not a tenant of appellee, and had never leased any of the land from him and appellee knew this fact. These facts were shown by the appellee. None of the animals upon which the distress warrant was levied was ever in Nueces county until they were driven into that county by appellee. The strip of land claimed by appellee is on the line of Nueces and Jim Wells county and is not the property of appellee and was not included in any lease of sections 13 and 20. He swore that the strip of land was a public road and that it was owned by Richard King. He testified:

"It is not owned by me. It is not used as a public road, but at the same time I think it is dedicated; part of it is used as a road, not all of it."

[2] The evidence failed to show that the premises belonging to appellee or any part thereof were in the justice's precinct where the distress warrant was obtained, nor was there any personal property of appellant in the precinct. The animals were unlawfully

driven out of Jim Wells county by appellee, and appellee could not in that manner obtain any lien on the property.

The evidence clearly showed that Langham was not a tenant of appellee and was not indebted to him, and he was made a party merely to obtain jurisdiction over appellant. The lease under which appellant had been in possession of the land was executed by appellant alone, and Langham had no connection with the lease. Appellant was not a tenant of appellee.

The judgment of the trial court is reversed, and it is the order of this court that the venue of this cause be changed to the district court of Jim Wells county, and the cause is remanded, with instructions to the clerk of the district court of Nueces county to make up a transcript of all the orders given in this cause and certify to the same officially under the seal of the district court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Jim Wells county.